IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,651-01




EX PARTE TONY ANTHONY TRAYLOR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR08-257HC IN THE 4TH JUDICIAL DISTRICT COURT
FROM RUSK COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and was sentenced pursuant to a plea agreement to thirty years’ imprisonment. He
did not appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to consult with him prior to trial, failed to explain the suppression hearing to him, and
failed to explain to him why he was not being offered probation or a lower sentence. Applicant also
claims that his plea was not knowingly and voluntarily entered, because he did not understand the
nature and consequences of the plea, because he was given incorrect advice regarding probation and
parole eligibility, and because he was incompetent to understand the proceedings.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether counsel consulted with Applicant
prior to trial, whether counsel discussed Applicant’s options with him, and whether counsel
explained the nature and consequences of the plea to Applicant. The trial court shall make findings
as to whether there was any indication that Applicant might not have been competent to understand
the proceedings. The trial court shall make findings as to whether the performance of Applicant’s
trial attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
The trial court shall make findings as to whether Applicant’s plea was knowingly and voluntarily
entered. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 23, 2009
Do not publish